WATSON, Judge,
dissenting:
The majority affirms the trial court’s decision on. the theory that a parked truck was a “legal cause” of an intersectional collision.
None of the witnesses, except driver Shu-man, who ran the stop sign, testified that the sign was hidden by the parked truck. Some doubt arises as to Shuman’s lookout since he approached the apparently unmarked intersection, reduced his speed (according to his testimony) to 16 m.p.h., trav *210 eled past the front of the truck which was about eight feet from the sign, passed the sign which was set back from the corner, crossed a traffic lane and hit another vehicle. The Bordelon vehicle was approaching from the right and had the right-of-way, if at an uncontrolled intersection. Shuman had ample opportunity to stop or swerve after he passed the parked truck; his negligence was the sole cause of the accident. The only hard evidence which supports the idea that the truck blocked the sign are two photographs, apparently taken with a wide-angle lens, which has the effect of causing nearby objects to appear larger and distant objects to appear smaller. In one, photograph P-2, the stop sign on the opposite side of the street is readily apparent, showing up well because of its red color.
The truck was legally parked. It is an over-extension of the statute to hold that a driver, who legally parks, is obliged to scout around to see that he is not partially obscuring a traffic control device. A driver is entitled to rely on the authorities who plan parking to make that determination.
The parked truck was not shown to be a cause in fact of this particular accident, and, with respect, I therefore disagree with my colleagues of the majority and with the esteemed trial judge.